IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMANTHA SCHNEIDER,  :  CIVIL ACTION
:
v.  :  NO. 13-5970
:
THE IT FACTOR PRODUCTIONS, et al.,  :
and ALYCIA KABACK,  :

**MEMORANDUM**

BUCKWALTER, S. J.                                                                                             July 10, 2014

Plaintiff filed a motion to enforce settlement to which defendant objected. This court referred the motion and response to Magistrate Judge Thomas J. Rueter for a Report and Recommendation.

On June 25, 2014, Judge Rueter filed his report recommending that plaintiff's motion be granted and defendant be ordered to execute a settlement agreement and general release consistent with the terms placed on the record on June 11, 2014. He also recommended that plaintiff's request for attorney's fees be denied.

On July 4, 2014, defendant Alycia Kaback mailed her objections to the Report and Recommendation to Magistrate Judge Rueter, the plaintiff, and the undersigned.

Having reviewed the Report and Recommendation, the objections and the applicable law, it is clear that Ms. Kaback agreed on the record to the terms of the settlement. There was a meeting of the minds as to the terms and subject matter to settle this case, and it was voluntarily entered into by defendant. For whatever reason, Ms. Kaback appears now to have changed her mind.

That, of course, is not a legal reason to set aside the Settlement Agreement. Ms. Kaback claims, among other things, that she was totally ignorant of what she was agreeing to when "I agreed" to the proposed settlement. It is clear from her own statement (No. 10 of defendant's objections) that she agreed to the settlement.

The record taken by Judge Rueter to memorialize the settlement makes it clear that the terms of the agreement were set forth (N.T. at 3-5) and in response to the question by Judge Rueter: "So, Ms. Kaback, do you agree with those terms?" Ms. Kaback said: "Yes, I just want to verify the confidentiality clause and the no disparagement."

Further discussion reveals that the plaintiff agreed to the confidentiality provision and that Ms. Kaback agreed that while there was no disparagement clause, each side retained other remedies at law to which when asked is that agreeable, Ms. Kaback answered, "Yes." (N.T. at 7.)

Ms. Kaback's objections are largely made up of inapplicable authority and inapposite cases. The crux of her objections that she did not understand the terms of the settlement is simply belied by the record.

An order follows.